IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAIDRICK JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:12-CV-2155 |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

### PLAINTIFF'S MOTION TO REMAND, AND BRIEF IN SUPPORT

MATTHEW R. SCOTT
Texas Bar No. 00794613
JOE KENDALL
Texas Bar No. 11260700
JAMIE J. MCKEY
Texas Bar No. 24045262
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

**TABLE OF CONTENTS**

| | | | |
|---|---|---|---|
| I. | Introduction | | 1 |
| II. | Procedural History | | 1 |
| III. | Arguments and Authorities | | 2 |
| | A. | Standards Governing Removal Jurisdiction | 2 |
| | B. | Plaintiff's Claim for Workers' Compensation Retaliation Is Not Removable | 2 |
| | C. | By Virtue of the Workers' Compensation Retaliation Claim, 28 U.S.C. § 1445(c) Deprives This Court of Diversity Jurisdiction | 3 |
| IV. | Conclusion | | 9 |
| V. | Prayer | | 9 |

## **TABLE OF AUTHORITIES**

### Cases

*Acuna v. Brown & Root, Inc.*,
    200 F.3d 335 (5th Cir. 2000) .................................................................................... 2

*Allsup v. Liberty Mut. Ins. Co.*,
    782 F. Supp. 325 (N.D. Tex. 1991) ....................................................................... 4, 8

*Bruck v. Nat'l Veterinary Assocs., Inc.*,
    2008 U.S. Dist. LEXIS 57181 (S.D. Ohio July 3, 2008) ...................................... 4, 8

*Bryant v. Wausau Underwriters Ins. Co.*,
    2008 U.S. Dist. LEXIS 32650 (M.D. Ala. Apr. 21, 2008) .................................... 4, 6

*Gutierrez v. Flores*,
    543 F.3d 248 (5th Cir. 2008) .................................................................................... 2

*Horn v. Kmart Corp.*,
    2007 U.S. Dist. LEXIS 27929 (S.D. Ohio Apr. 16, 2007) .............................. 4, 5, 7, 8

*Husk v. E.I. du Pont de Nemours & Co.*,
    842 F. Supp. 895 (S.D. W. Va. 1994) .................................................................... 4, 6

*Jones v. Roadway Express*,
    931 F.2d 1086 (5th Cir. 1991) ................................................................................ 6, 7

*Lone Star Ob/Gyn Assocs. v. Aetna Health, Inc.*,
    579 F.3d 525 (5th Cir. 2009) .................................................................................... 2

*Luevano v. Dow Coming Corp.*,
    895 F. Supp. 135 (W.D. Tex. 1994) .......................................................................... 6

*Perrilloux v. E.I. du Pont de Nemours Co.*,
    593 F. Supp. 393 (E.D. La. 1984) ............................................................................. 4

*Priest v. Sealift Servs. Int'l*,
    953 F. Supp. 363 (N.D. Ala. 1997) ........................................................................... 4

*Pulley v. Bartlett-Collins Co.*,
    2006 U.S. Dist. LEXIS 84957 (N.D. Okla. Nov. 21, 2006) ..................................... 8

*Sherrod v. Am. Airlines*,
    132 F.3d 1112 (5th Cir. 1998) ................................................................................... 5

*Williams v. CHN Am., LLC*,
    542 F. Supp. 2d 1261 (M.D. Ala. 2008) ................................................................... 4

*Willy v. Coastal Corp.,*
  855 F.2d 1160 (5th Cir. 1988) ............................................................................................... 2

*Wilson v. Lowe's Home Ctr., Inc.,*
  401 F. Supp. 2d 186 (D. Conn. 2005) ................................................................. 4, 5, 6, 7, 8

## **Statutes**

28 U.S.C. § 1331 ............................................................................................................. 4, 5, 6

28 U.S.C. § 1332(a) .............................................................................................................. 5

28 U.S.C. § 1441(a) ..................................................................................................... 2, 4, 5, 6

28 U.S.C. § 1441(b) ............................................................................................................... 4

28 U.S.C. § 1441(c) ........................................................................................................... 5, 6

28 U.S.C. § 1445(c) ..................................................................................................... 1, 6, 7, 9

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAIDRICK JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:12-CV-2155 |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S MOTION TO REMAND, AND BRIEF IN SUPPORT

### I.

### INTRODUCTION

This case should be remanded to state court because (a) Defendant removed a claim that is not removable (workers' compensation retaliation under Texas Labor Code section 451.001) and (b) 28 U.S.C. § 1445(c) eliminates this Court's ability to retain jurisdiction over state law claims removed to this Court based solely on diversity of citizenship.

### II.

### PROCEDURAL HISTORY

Plaintiff filed this lawsuit *pro se* in state district court on January 26, 2012, alleging a claim for workers' compensation retaliation under Texas Labor Code section 451.001. Plaintiff named Wal-Mart Associates, Inc. as the defendant. After Plaintiff retained counsel, Plaintiff filed an Amended Petition naming the current Defendant and adding claims for race discrimination and retaliation in violation of the Texas Commission on Human Rights Act (TCHRA). Based on the alleged diversity between Plaintiff and Defendant, Defendant removed the case to this Court on July 6, 2012.

## III.

## ARGUMENTS AND AUTHORITIES

A.  **Standards Governing Removal Jurisdiction**

A party may remove an action from state court to federal court if it is one over which the federal court possesses original subject-matter jurisdiction, subject to Congress' prohibition on the removal of certain cases.[1] The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.[2]

Removal jurisdiction raises significant federalism concerns.[3] Therefore, the removal statutes are strictly construed in favor of remand.[4] Any doubts regarding whether removal jurisdiction is proper are resolved against federal jurisdiction.[5]

B.  **Plaintiff's Claim for Workers' Compensation Retaliation Is Not Removable**

It is black-letter law that "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."[6] Plaintiff's third cause of action alleges "Defendant's actions violated section 451.001 of the Texas Labor Code."[7] More than twenty years ago, the Fifth Circuit held that a claim under section 451.001 "arises under" the workers' compensation laws for purposes of 28 U.S.C. § 1445(c), and thus is not removable.

---

[1] 28 U.S.C. § 1441(a), 28 U.S.C. § 1445.

[2] *Lone Star Ob/Gyn Assocs. v. Aetna Health, Inc.*, 579 F.3d 525, 528 (5th Cir. 2009); *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998).

[3] *Gutierrez v. Flores,* 543 F.3d 248, 251 (5th Cir. 2008); *Willy,* 855 F.2d at 1164.

[4] *Willy,* 855 F.2d at 1164; *Acuna v. Brown & Root, Inc.,* 200 F.3d 335, 339 (5th Cir. 2000).

[5] *Gutierrez,* 543 F.3d at 251.

[6] 28 U.S.C. § 1445(c).

[7] Pl.'s Am. Pet. at 5.

---

Defendant made no effort in its removal papers to delineate between Plaintiff's claim under section 451.001 and Plaintiff's claims under the TCHRA, instead opting to remove all Plaintiff's claims to this Court. Defendant's removal of Plaintiff's workers' compensation retaliation claim to this Court was unreasonable and improper.

Plaintiff moves to remand his workers' compensation retaliation claim under Texas Labor Code section 451.001 to state court. Plaintiff seeks attorneys' fees and costs expended in moving to remand this clearly non-removable claim.

**C.   By Virtue of the Workers' Compensation Retaliation Claim, 28 U.S.C. § 1445(c) Deprives This Court of Diversity Jurisdiction**

The next question, then, is whether the Court must remand the entire case to state court, or whether it can sever the workers' compensation retaliation claim from the other state law claims and retain those other state law claims based on the diversity of citizenship between the parties. The answer is "no," this Court cannot retain the remaining claims, but must instead remand the entire case, not just the workers' compensation relation claim.

In *Sherrod v. American Airlines*,[8] the Fifth Circuit held if a case is removed to federal court based on the existence of claims within the courts federal question jurisdiction, but the case contains a non-removable claim for workers' compensation retaliation as well, the district court must sever the non-removable workers' compensation retaliation claim from the remainder of the case and remand that claim to state court. However, *Sherrod* is distinct from this case because here, there is no federal question jurisdiction; Defendant removed this case based solely on diversity of citizenship. That said, the removal statutes have treated federal question suits differently from diversity suits in authorizing severance and partial remand.

---

[8] 132 F.3d 1112, 1118-19 (5th Cir. 1998).

The question of whether a party may remove an action in which a non-removable claim is joined with claims otherwise removable based on diversity of citizenship "has received remarkably little attention in judicial opinions, presumably because it is rarely raised in district courts and even more rarely presented to courts of appeals."[9] But the issue highlights the tension between a workers' compensation plaintiff's right to remain in state court and a nonresident employer's right to remove an action that could have originally been filed in federal court.[10] The vast majority of district courts to address the issue, however, have found that when a defendant removes a case to federal court based on diversity jurisdiction, but the case contains claims normally subject to diversity jurisdiction and claims that are non-removable workers' compensation claims, the entire case must be remanded to state court.[11]

The analysis begins with the language of the removal statutes.[12] For federal question jurisdiction, 28 U.S.C. § 1441(a) allows removal of "any civil *action* brought in a State court of which the district courts of the United States have original jurisdiction . . . ."[13] District courts have original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States."[14] For jurisdiction based on diversity of citizenship, § 1441(b) grants federal

---

[9] *Wilson* v. *Lowe's Home Ctr., Inc.,* 401 F. Supp. 2d 186, 192 (D. Conn. 2005).

[10] *Id.*

[11] *Id.* at 192-97 (analyzing the issue exhaustively); *see also Bruck* v. *Nat'l Veterinary Assocs., Inc.*, 2008 U.S. Dist. LEXIS 57181, at *3-8 (S.D. Ohio July 3, 2008); *Bryant* v. *Wausau Underwriters Ins. Co.,* 2008 U.S. Dist. LEXIS 32650, at *3-6 (M.D. Ala. Apr. 21, 2008); *Williams* v. *CHN Am., LLC,* 542 F. Supp. 2d 1261, 1266-67 (M.D. Ala. Mar. 28, 2008); *Horn v. Kmart Corp.*, 2007 U.S. Dist. LEXIS 27929, at *11-16 (S.D. Ohio Apr. 16, 2007) ("The few district courts that have addressed this question have remanded the entire action."); *Priest* v. *Sealift Servs. Int'l,* 953 F. Supp. 363, 363 (N.D. Ala. 1997) ("Ordinarily, entire cases are removed and not parts of cases."); *Husk* v. *E.I. du Pont de Nemours & Co.,* 842 F. Supp. 895, 897-98 (S.D. W. Va. 1994); *Allsup* v. *Liberty Mut. Ins. Co.,* 782 F. Supp. 325, 327-28 (N.D. Tex. 1991) ("If the entire case was not removable, the entire case was subject to remand."); *Perrilloux* v. *E.I. du Pont de Nemours Co.,* 593 F. Supp. 393, 394-95 (E.D. La. 1984).

[12] *Wilson,* 401 F. Supp. 2d at 192.

[13] 28 U.S.C. § 1441(a) (emphasis added).

[14] 28 U.S.C. § 1331

---

**Plaintiff's Motion to Remand, and Brief in Support**                                                                 **Page 4**

courts jurisdiction over "all civil actions" meeting the amount-in-controversy and citizenship requirements.[15] The phrase "civil action" in these sections refers to a whole case, not to an individual claim or theory of recovery within that case.[16] Accordingly, Congress did not authorize piecemeal removal of separate claims; rather, it authorized only removal of an entire "action."[17] It thus stands to reason that, if an entire "action" is not removable, it is also not *partially* removable.[18]

28 U.S.C. § 1445(c) constitutes an "express exception to the grant of the general right of removal in § 1441(a)."[19] That section's language, that a "civil action" (as opposed to an individual claim) "may not be removed," indicates Congress' intent to bar removal of not just the claim arising under the workers' compensation laws, but ***the entire action*** (i.e., the entire case or lawsuit).[20] Severing a workers' compensation claim from the remainder of a civil action would therefore be contrary to Congress' intent to avoid piecemeal removal in diversity cases.[21]

By contrast, in cases where removal is based on federal question jurisdiction, as in *Sherrod,* Congress has expressly authorized severance and partial remand by virtue of 28 U.S.C. § 1441(c):

> Whenever a separate and independent claim or cause of action ***within the jurisdiction conferred by section*** 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be

---

[15] 28 U.S.C. § 1332(a)

[16] *Wilson,* 401 F. Supp. 2d at 192 (discussing history of Congress' use of this phrase to refer to the entire case); *Horn,* 2007 U.S. Dist. LEXIS 27929, at *4.

[17] *Wilson,* 401 F. Supp. 2d at 196-97 (discussing history leading to Congressional repudiation of piecemeal removal of claims based on diversity).

[18] *Allsup,* 782 F .Supp. at 328.

[19] *Wilson,* 401 F. Supp. 2d at 195.

[20] *Horn,* 2007 U.S. Dist. LEXIS 27929, at *11-16.

[21] *Bryant,* 2008 U.S. Dist. LEXIS 32650, at *5-6

> removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.[22]

The reference to § 1331 is significant; Congress granted district courts authority to sever and remand state law claims *only* when federal court jurisdiction is predicated on the existence of a federal question, *not* in cases where jurisdiction is based on diversity of citizenship.[23] Under § 1441(c), removal of an action containing a non-removable claim is permissible if, *and only if*, the claim is joined with a separate and independent claim within the district court's federal question jurisdiction.[24]

In a diversity case, by contrast, the district court has no authority to "carve a case into its various components and retain jurisdiction of some of the causes of action while remanding the others to state court."[25] Severing and remanding a workers' compensation claim when a suit is removed based on diversity of citizenship would be contrary to Congress' limitation of severance authority (as expressed in § 1441(c)) to only those cases removed to federal court based on federal question jurisdiction.[26]

Furthermore, remanding the entire case to state court, rather than parts of it, is also consistent with the policies motivating § 1445(c) in the first instance, not to mention the Fifth Circuit's direction that § 1445(c) should be broadly construed.[27] Section 1445(c) was designed

---

[22] 28 U.S.C. § 1441(c) (emphasis added).

[23] *Husk,* 842 F. Supp. at 897-98.

[24] *Wilson,* 401 F. Supp. 2d at 195.

[25] *Luevano* v. *Dow Coming Corp.,* 895 F. Supp. 135, 137 (W.D. Tex. 1994).

[26] *Bryant,* 2008 U.S. Dist. LEXIS 32650, at *5-6. Indeed, as pointed out in *Wilson,* § 1441(c) would be unnecessary if section 1441(a) allowed a court to exercise jurisdiction over removable claims that were joined with non-removable claims. *Wilson,* 401 F. Supp. 2d at 195. That § 1441(c) permits the removal of federal claims that otherwise would not be removable because of their joinder to nomemovable claims demonstrates Congress' intent that section 1441(a) does not allow removal, severance, and partial remand of nomemovable claims when jurisdiction is solely based on diversity. *Id.*

[27] *Jones v. Roadway Express,* 931 F.2d 1086, 1092 (5th Cir. 1991)*; Wilson,* 401 F. Supp. 2d at 196.

to restrict diversity jurisdiction and stop the removal of workers' compensation cases, which were increasing the already overburdened dockets of the federal courts.[28] The statute reflects a strong congressional policy that where the state court is utilized in the state compensation machinery, the case should remain in the state court for its ultimate disposition.[29] This is because such cases "have little real business in federal court . . . ."[30] In addition, Congress also wanted to relieve workers of the expense and delay associated with litigation in federal court.[31] Because of Congress' intent that all cases arising under the workers' compensation laws of the States remain in state court, § 1445(c) must be read broadly to further that purpose;[32] retaining part of the case in federal court does not further the statute's purposes.[33]

Also, joining other state law claims to a workers' compensation claim does not change the nature of the action or make it more suitable for resolution in federal court;[34] it remains, essentially, a local dispute governed by state law, and thus is well-suited for resolution in state court rather than federal court.[35] What is more, if joining workers' compensation claims with other state law claims waived the plaintiff's right to litigate in state court, employees would be left with two undesirable alternatives: either pursue the workers' compensation claim only, or

---

[28] *Jones,* 931 F.2d at 1091 (citation omitted).

[29] *Id.* (citation omitted).

[30] *Id.* (citation omitted).

[31] *Wilson,* 401 F. Supp. 2d at 196.

[32] *Jones,* 931 F.2d at 1092.

[33] *Horn*, 2007 U.S. Dist. LEXIS 27929, at *11-14.

[34] *Wilson,* 401 F. Supp. 2d at 196.

[35] *Id.*

---

litigate in two separate forums.[36] Viewed in light of the policies underlying §§ 1441 and 1445, these alternatives are unfair.[37]

And finally, remanding the entire action to state court, rather than parts of it, is also supported by public policy, judicial economy, efficiency, comity, and fairness.[38] The same facts and circumstances give rise to all of Plaintiff's claims. What is more, Defendant suffers no prejudice whatsoever from trying the two claims together. "The single factual scenario involved makes it convenient for the parties to litigate the claims together, and the duplication of legal elements in the claims makes it expedient for them to do so."[39] Doing so also preserves judicial resources; severing and remanding only one claim "force[s] Plaintiff to try two separate cases in different forums arising from the same facts and would result in a waste of judicial resources."[40] "The most economical, efficient, and fair outcome is for the entire action to remain in state court."[41] As the *Allsup* court succinctly stated, "It makes no sense to litigate this case in two lawsuits rather than one."[42]

---

[36] *Wilson*, 401 F. Supp. 2d at 196; *Horn*, 2007 U.S. Dist. LEXIS 27929, at *5.

[37] *Horn,* 2007 U.S. Dist. LEXIS 27929, at *14.

[38] *Allsup,* 782 F. Supp. at 328; *Bruck*, 2008 U.S. Dist. LEXIS 57181, at *7-8; *Horn,* 2007 U.S. Dist. LEXIS 27929, at *13-16; *see also Pulley v. Bartlett-Collins Co.,* 2006 U.S. Dist. LEXIS 84957, at *9-11 (N.D. Okla. Nov. 21, 2006) (remanding all claims joined with a non-removable workers' compensation claim, including federal claims, based largely on public policy).

[39] *Allsup,* 782 F. Supp. at 328.

[40] *Pulley,* 2006 U.S. Dist. LEXIS 84957, at *11.

[41] *Wilson,* 401 F. Supp. 2d at 196.

[42] *Allsup,* 782 F. Supp. at 328.

## IV.

## CONCLUSION

Defendant removed Plaintiff's workers' compensation retaliation claim to federal court despite knowing, without question, such a claim is not removable. Plaintiff's claim under Texas Labor Code section 451.001 must be remanded to state court, and Defendant should be required to pay Plaintiff's reasonable and necessary attorneys' fees incurred filing this Motion to Remand on this claim.

But the larger and more important issue is the remand of the entire case. 28 U.S.C. § 1445(c) makes a claim arising under the workers' compensation laws of the states non-removable unless there are also claims arising under the laws of the United States. This case contains no such claims. Only § 1441(c), which requires a claim arising under federal law, gives this Court the discretion to retain some claims and remand others. Section 1445(c)'s language refers to *actions*, not claims, and thus an *action* removed to federal court based on diversity of citizenship, which contains a non-removal claim arising under the workers' compensation laws of the states, must be remanded, *in toto*, to state court.

## V.

## PRAYER

Plaintiff respectfully requests this Court grant his Motion to Remand and remand all Plaintiff's claims to state court, or alternatively, grant Plaintiff's Motion to Remand in part and remand Plaintiff's claim under Texas Labor Code section 451.001 to state court, award him his reasonable and necessary attorneys' fees incurred in filing this Motion to Remand, and award Plaintiff all legal or equitable relief this Court deems proper.

Respectfully submitted,

/s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
JOE KENDALL
Texas Bar No. 11260700
JAMIE J. MCKEY
Texas Bar No. 24045262
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I certify that a copy of this document was forwarded to the following counsel of record through the Court's ECF system on July 26, 2012.

Nancy Walters
James Zoys
Geary Porter & Donovan
16475 Dallas Parkway, Suite 400
Dallas, TX 75001
Attorneys for Defendant

                 /s/ Matthew R. Scott
                 MATTHEW R. SCOTT