IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAIDRICK JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2155-N |
| | § | |
| WAL-MART STORES TEXAS, LLC, | § | |
| | § | |
| Defendant. | § | |

## ORDER

This Order addresses Plaintiff Saidrick Jackson's motion to remand [Doc. 5]. The Court grants the motion and remands the entire case but denies Jackson's request for attorneys' fees.[1]

### I. JACKSON'S STATE-COURT PETITION AND WAL-MART'S REMOVAL

This case arises out of the termination of Jackson's employment with Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart"). Jackson sued Wal-Mart *pro se* in state court. He alleged that Wal-Mart violated Texas Labor Code § 451.001 by firing him in retaliation for filing a workers' compensation claim. After subsequently retaining counsel, Jackson asserted claims against Wal-Mart for race discrimination and retaliation in violation of the Texas Commission on Human Rights Act ("TCHRA"). Wal-Mart subsequently removed the case to this Court on the sole basis of diversity jurisdiction. Jackson now moves to remand the case to state court.

---

[1]Jackson also filed a motion for a hearing [11]. The Court denies the motion.

## II. STANDARD OF REVIEW

A defendant may remove a state court action to federal court only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998). A federal court has subject matter jurisdiction over primarily two types of cases: (1) those "arising under the Constitution, laws, or treaties of the United States" ("federal question" jurisdiction), 28 U.S.C. § 1331, and (2) those in which the parties are residents of different states and the amount in controversy exceeds $75,000 ("diversity" jurisdiction). *Id.* § 1331. "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## III. THE COURT REMANDS THE ENTIRE CASE

The parties do not appear to dispute that the Court should remand Jackson's workers' compensation claim. They disagree, however, about how the Court should treat Jackson's remaining claims. Jackson urges the Court to remand the entire action; Wal-Mart contends that the Court should sever and remand the workers' compensation claim but retain the rest. The Fifth Circuit has not spoken to the question before the Court. Based on the plain text of

the removal statute and the policies underlying it, however, and resolving all doubts in favor of remand, the Court concludes that remand of the entire case is proper.

As a general matter, diversity jurisdiction provides a federal district court with original jurisdiction.  28 U.S.C. § 1332(a).  The removal statute allows a defendant to remove a case as follows:

> Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added).  The Court concludes that, under a plain reading of the statute's text, the phrase "civil action" refers to an entire case rather a separate causes of action within a case.  *Accord Carey v. Bank of Am., N.A.*, No. 3:12-CV-2592-B, 2012 WL 5503838, at *2 (N.D. Tex. Nov. 14, 2012); *Escobedo v. Time Warner Entm't Advance Newhouse P'ship*, 811 F. Supp. 2d 1289, 1292 (W.D. Tex. 2011); *Horn v. Kmart Corp.*, No. 1:06-CV-493, 2007 WL 1138473, at *4 (S.D. Ohio Apr. 16, 2007); *Wilson v. Lowe's Home Ctr., Inc.*, 401 F. Supp. 2d 186, 192 (D. Conn. 2005).  Moreover, the Supreme Court has noted that "[t]he language of this section obviously permits the removal of a *case* that contains only *claims* that 'arise under' federal law." *Wis. Dept. of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) (emphasis added)).  This passage suggests that, while a defendant's ability to remove a case is based on individual claims, it may remove only an entire case, not individual claims within a case.

ORDER – PAGE 3

As other courts have noted, the legislative history of the statute bolsters this interpretation of its meaning.  The Revision Notes from 1948 state that "[p]hrases such as 'in suits of a civil nature, at law or in equity,' the words 'case,' 'cause,' 'suit,' and the like have been omitted and the words 'civil action' substituted in harmony with Rules 2 and 81(c) of the Federal Rules of Civil Procedure."  28 U.S.C. § 1441(a) (Revision Note 1948).  Rule 2 states that "[t]here is one form of action – the civil action," and Rule 81(c) refers to both "a civil action" and "a claim for relief."  Both of these references further suggest that a "civil action" is an entire case or suit, not a single claim or cause of action.  Section 1441(a) thus applies to cases as a whole and provides no authority for severing individual claims.  *Accord Carey*, 2012 WL 5503838, at *2; *Escobedo*, 811 F. Supp. 2d at 1292.

The removal statute provides that Congress may expressly limit removal.  Pursuant to that authority, Congress has provided that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States."  28 U.S.C. § 1445(c).  The Fifth Circuit has held that a "claim of retaliatory termination under § 451.001 is a claim arising under Texas worker's compensation laws."  *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1118 (5th Cir. 1998) (citing *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991)).  The parties do not dispute that section 1445(c) makes Jackson's retaliatory termination claim under section 451.001 nonremovable.  They dispute, however, whether the Court must therefore remand the entire case, or whether it has the authority to sever and remand the workers' compensation claim.

ORDER – PAGE 4

The Court remands the whole action for two independent reasons. First, regardless of whether the Court has the power to sever and remand a single claim in this case, Wal-Mart's removal was improper because of the statutory framework thus far analyzed. In short, section 1441(a) permits removal of only an entire case, and section 1445(c) prohibits removal of a workers' compensation claim. Because Jackson asserts a workers' compensation claim, Wal-Mart improperly removed the entire case, which encompassed the workers' compensation claim. Under sections 1441(a) and 1445(c), in other words, a defendant in Wal-Mart's position simply cannot remove. The Court must therefore remand the entire case as improperly removed in the first place.

Second, even if the Court were inclined to consider that only the workers' compensation claim, and not the entire case, was improperly removed, the Court does not have the power to sever and remand only the section 451.001 claim. Section 1445(c), like section 1441(a), provides no such authority. Wal-Mart argues that 28 U.S.C. § 1441(c) allows the Court to sever and remand Jackson's section 451.001 claim but retain the rest of the action. Wal-Mart points out that, when a defendant removes an action that contains an independent federal claim and one or more otherwise nonremovable claims, a court may sever and remand the otherwise nonremovable claims. Specifically, the removal statute provides as follows:

> (c) Joinder of Federal law claims and State law claims.--
>     (1) If a civil action includes--
>         (A) a claim arising under the Constitution, laws, or treaties of the
>         United States (within the meaning of section 1331 of this title), and
>         (B) a claim not within the original or supplemental jurisdiction of the
>         district court or a claim that has been made nonremovable by statute,

> the entire action may be removed if the action would be removable
> without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), the district court
> shall sever from the action all claims described in paragraph (1)(B) and
> shall remand the severed claims to the State court from which the action
> was removed.

28 U.S.C. § 1441(c).  In other words, if a court has *federal question* jurisdiction over one claim in a case and Congress has made another independent claim in the same case nonremovable, the court may sever and remand only the nonremovable claim.  Nowhere, however, does the statute grant a court authority to sever and remove a single claim made nonremovable by statute if the remaining claims arise under state law only and the defendant removed the case on *diversity* grounds.  Under the familiar canon of statutory construction declaring that *expressio unius est exclusio alterius* ("the expression of one thing is the exclusion of another"), an express grant of power in one instance implies a denial of power in others.  *See, e.g.*, *Christensen v. Harris Cnty.*, 529 U.S. 576, 583 (2000) ("We accept the proposition that "[w]hen a statute limits a thing to be done in a particular mode, it includes a negative of any other mode.") (quoting *Raleigh & G.R. Co. v. Reid*, 80 U.S. 269, 270 (1871)).

If Congress had wanted to grant the power to sever and remand otherwise nonremovable claims in diversity cases, it could have done so.  In fact, a previous version of the same statute did grant such authority:

> Whenever a separate and independent claim or cause of action, which would
> be removable if sued upon alone, is joined with one or more otherwise
> non-removable claims or causes of action, the entire case may be removed and
> the district court may determine all issues therein, or, in its discretion, may
> remand all matters not otherwise within its original jurisdiction.

28 U.S.C. § 1441(c) (1948 version, amended 1990).  In other words, Congress in 1990 revised section 1441(c) "to altogether eliminate the statute's application to diversity cases." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER & JOAN E. STEINMAN, FEDERAL PRACTICE AND PROCEDURE § 3722.3 (4th Ed. 2009) (citing H.R. Rep. No. 101-734, 101st Cong., 2d Sess. (1990)).  Because the Court has no authority under federal law to sever nonremovable claims in a diversity action, the Court must remand the entire action in this case.  *Accord Carey*, 2012 WL 5503838, at *2–3; *Escobedo*, 811 F. Supp. 2d at 1292–94.

Wal-Mart draws the Court's attention to three cases in this District that appear to reach the opposite conclusion.  *See Climer v. Twin City Fire Ins. Co.*, No. 3:04-CV-0552G, 2004 WL 1531796 (N.D. Tex. July 8, 2004); *Johnson v. Dal-Tile Corp.*, No. 3:03-CV-2376-H, 2003 U.S. Dist. LEXIS 20508 (N.D. Tex. Nov. 14, 2003); *Smith v. Fujicolor Processing, Inc.*, No. 3:02-CV-1218-D, 2002 WL 1798918 (N.D. Tex. Aug. 2, 2002).[2]  These cases, however, are not binding on the Court, and to the extent that their holdings differ from the Court's conclusion in this case, the Court respectfully disagrees with those holdings.

_____

[2]Wal-Mart also seeks support from *Sherrod*.  There, the Fifth Circuit held that the district court erred when it did not sever and remand a state workers' compensation claim in a case that also included a number of federal claims.  132 F.3d at 1118–19.  Because the district court had federal question jurisdiction, this holding is in line with the Court's above analysis of 28 U.S.C. § 1441(c).  The Fifth Circuit did not address, however, whether claims pled in addition to workers' compensation claims could be retained in cases in which defendants had removed on diversity grounds only.  *Sherrod* thus does not support Wal-Mart's position.

Furthermore, remand of the entire case is the right decision from a policy perspective. Because Jackson's claims all arise from the same set of facts, it would be unfair to Jackson and an inefficient use of judicial resources to force Jackson to present his facts twice. *Accord Carey*, 2012 WL 5503838, at *2; *Horn*, 2007 WL 1138473, at *5. Moreover, this case involves only issues of state law, and state court is generally the preferred forum for such issues. *Accord Purser v. Coralli*, No. 3:11-CV-03295-L, 2012 WL 5875600, at *6 (N.D. Tex. Nov. 21, 2012). The Court, finally, should resolve all doubts in favor of remand in order to avoid state-federal federalism conflicts. *See Gutierrez*, 543 F.3d at 251.

In conclusion, the Court must remand Jackson's claim for retaliatory discharge under section 541.001. Moreover, Wal-Mart improperly removed the entire case, and the Court does not have the authority to sever and remand only the retaliatory discharge claim. It therefore remands the entire case.

### IV. JACKSON IS NOT ENTITLED TO ATTORNEYS' FEES

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). A district court has discretion to award fees. *See Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 292 (5th Cir. 2000). In this case, there is no controlling Fifth Circuit precedent on point, and Wal-Mart presented a reasonable argument as to the propriety of severing and remanding only Jackson's workers'

ORDER – PAGE 8

compensation claim.  The Court accordingly concludes that Wal-Mart had an objectively

reasonable basis for seeking removal and declines to award Jackson attorneys' fees.  *Accord*

*Carey*, 2012 WL 5503838, at *3 (reaching same conclusion on similar facts).

CONCLUSION

The Court grants Jackson's motion to remand but denies Jackson's request for

attorneys' fees.  Accordingly, the Court directs the Clerk to remand the entire case to the

state court.


Signed February 25, 2013.


David C. Godbey

United States District Judge


ORDER – PAGE 9